UNITED STATES DISTRICT COURT
                         DISTRICT OF CONNECTICUT


DESHAWN TYSON,                        :    PRISONER CASE NO.
     Plaintiff,                       :    3:17-cv-731 (JCH)
                                      :
     v.                               :
                                      :
BIANCA ALVAREZ, et al.,               :
     Defendants.                      :    SEPTEMBER 10, 2018
                                      :
                                      :

**RULING ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND (DOC. NO. 72) AND
        AMENDED INITIAL REVIEW ORDER (DOC. NO. 21)**

The plaintiff, Deshawn Tyson ("Tyson"), currently is incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut. He has filed a third motion for leave to file a Third Amended Complaint. See Doc. No. 72. As instructed in prior orders from the court, see Ruling (Doc. No. 63) at 2, Ruling (Doc. No. 74) at 2, he has attached a proposed Third Amended Complaint as an exhibit to his Motion. See generally Third Am. Compl. (Doc. No. 72-1).

**I.    BACKGROUND**

In his initial Complaint (Doc. No 1), Tyson listed only one defendant, Bianca Alvarez, in the case caption. As all defendants must be listed in the caption, the court considered the Complaint to be asserted against Ms. Alvarez only. See Initial Review Order (Doc. No. 12) at 1. Tyson asserted claims for violation of his rights under the Fourth, Fifth, Eighth and Fourteenth Amendments, Article 7 of the Universal Declaration of Human Rights, the Federal Tort Claims Act, and state law. See id. at 1–2. By Initial Review Order filed June 14, 2017, the court dismissed all claims except the Fourth

Amendment illegal seizure claim based on Tyson's warrantless arrest at his uncle's apartment, and state law claims for defamation and intentional infliction of emotional distress.  See id. at 14.  The court noted that these claims would proceed, provided Tyson amended his Complaint to identify the police officers and detectives involved in the claims.[1]  See id.

Tyson subsequently submitted two Amended Complaints, adding first Lucille Roach, and then James Garofalo as defendants.  See Amended Complaint (Doc. No. 14), Amended Complaint (Doc. No. 18).  On October 13, 2017, the court considered the second submission to be the Amended Complaint referenced in the prior Order and filed an Initial Review Order directed to that Amended Complaint.  See Initial Order Review Re Amended Complaint (Doc. No. 21).  Tyson reasserted his claim against Detective Roach for arrest without probable cause, arguing that she failed to further investigate and consider allegedly exculpatory evidence before obtaining the arrest warrant.  See id. at 6.  These allegations were not included in the original Complaint.  In light of the new allegations calling the probable cause determination into question, the court permitted the claim for arrest without probable cause to proceed.  See id. at 7.

---

[1] The court dismissed Tyson's claim for false arrest and his recharacterization of that claims as arrest without probable cause.  To state a Fourth Amendment claim for false arrest, Tyson had to show that he was unreasonably deprived of his liberty in violation of the Fourth Amendment and establish the elements of false arrest under state law.  Walker v. Sankhi, 494 F. App'x 140, 142 (2d Cir. 2012).  If an arrest is supported by probable cause there can be no federal claim for false arrest.  See Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995).  The court noted that the police were entitled to rely on information from the putative victim to establish probable cause.  See Martinsky v. City of Bridgeport, 504 F. App'x 43, 46 (2d Cir. 2012); Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000) (police may rely on statements of victim to determine probable cause for arrest even if statements are later proven false).

The court failed to consider, however, that this claim is, essentially, a false arrest claim. See Davis v. Rodriguez, 364 F.3d 424, 433 (2d Cir. 2004) ("In analyzing § 1983 claims for unconstitutional false arrest, we have generally looked to the law of the state in which the arrest occurred."); Weyant v. Okst, 101 F.3d 845, 852 (2d Cir .1996) (noting that arrest without probable cause is a type of section 1983 claim for false arrest). Under Connecticut law, favorable termination is an element of a false arrest claim. See Miles v. City of Hartford, 445 F. App'x 379, 383 (2d Cir. 2011) (holding district court did not err in granting summary judgment on false arrest claim because "the Court [has] expressly held, invoking Connecticut law, that favorable termination is an element of 'a section 1983 claim sounding in false imprisonment and false arrest.'") (quoting Roesch v. Otarola, 980 F.2d 850, 853-54 (2d Cir. 1992)).  Tyson states that the criminal case is still pending.[2]  See Third Amended Complaint at 2.  Thus, his false arrest claim should have been dismissed without prejudice.

## II.     STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that the court should grant leave to amend when justice so requires.  See Turner v. Boyle, 116 F. Supp. 3d 58, 96 (D. Conn. 2015) (noting that Second Circuit encourages district courts to allow pro se parties to amend their complaints "when justice so requires").  The decision to permit an amendment is within the district court's discretion.  See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).  The district court may deny leave to amend

---

[2] The Connecticut Judicial Branch website confirms that the prosecution remains pending.  See www.jud2.ct.gov/crdockets/CaseDetail.aspx?source=Pending&Key=e75c40af-7b31-4ecc-88f4-2398e5ea72ee (last visited August 22, 2018).

"where [a] motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties." Grace v. Rosenstock, 228 F.3d 40, 53-54 (2d Cir. 2000).

## III. ANALYSIS

The Proposed Third Amended Complaint is identical to the Second Amended Complaint with two exceptions. Tyson has changed the date to July 24, 2018. See Third Am. Compl. at 1. He also adds one paragraph to the description of defendants adding New Haven Chief of Police Anthony Campbell ("Campbell") and New Haven Mayor Toni N. Harp ("Harp") as defendants. See id. at ¶ 6. Tyson alleges that they "are responsible for all the actions of all Agents and people under their command(s) through[]out their various office[s] and are both sued under Municipalities and in their individual and official capacities." Id.

Tyson names Campbell and Harp, both municipal officials, in their individual and official capacities. The Proposed Third Amended Complaint, like the Second Amended Complaint, includes facts relating only to police entry into Tyson's uncle's apartment and his arrest. Tyson alleges no facts showing that Campbell or Harp was involved in, or even aware of, the incident. Rather, Tyson seeks to add Campbell and Harp as defendants to this claim to hold them accountable for the actions of subordinates. Municipal officials cannot be held responsible for the actions of subordinates in an action under section 1983 of title 42 of the United States Code under a theory of respondeat superior. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978); see also Reynolds v. Giuliani, 506 F.3d 183, 190 (2d Cir. 2007) (Monell

4

precludes respondeat superior as basis for municipal liability under section 1983). Tyson has alleged no facts to support an individual capacity claim against Campbell or Harp.

A claim against a municipal official in his or her official capacity is, essentially, a claim against the city for which he or she works. See Brandon v. Holt, 469 U.S. 464, 471-72 (1985) (noting that suit against municipal official in his official capacity was suit against municipality because liability for any judgment would rest on municipality). To state a claim for municipal liability, Tyson must allege facts showing the existence of an officially adopted policy or custom that caused the deprivation of his constitutional rights. See Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007); see also Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978). Tyson alleges no facts establishing the existence of a policy or custom of falsely arresting citizens.

The same day Tyson filed this Motion, the court filed its Ruling granting the Motion to Dismiss, filed by defendants Roach and Healy, as to the claims against them in their official capacities. See Ruling on Defendants' Motion to Dismiss (Doc. No. 73) at 6. As the court explained:

> Allegations involving a single incident, especially one involving only actors below the policy-making level, is insufficient to state a claim for liability under Monell. See Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985); accord Parker v. City of Long Beach, 563 F. App'x 39, 41-42 (2d Cir. 2014) (summary order), as amended (Apr. 31, 2014) (affirming dismissal of Monell claim where plaintiff "fail[ed] to establish that the individual defendants' actions were the result of any municipal policy or failure to train, or that any of the individual defendants exercised policy-making authority such that [a] single episode could possibly be attributed to municipal authority.").

5

Id. at 6. The same analysis applies to the official capacity claims against Campbell and Harp.

In his Motion, Tyson states that defendants Campbell and Harp "illegally denied plaintiff exculpatory evidence that would completely exonerate him from his pending case through the F.O.I.A." Third Amended Complaint at 2. This statement appears to refer to actions relating to Tyson's state criminal case, which he states is still pending. This case does not include any claims relating to Tyson's criminal trial. Thus, permitting Tyson to amend his complaint to add these unrelated claims against new defendants would not comply with the requirements of Rule 20(a)(2) of the Federal Rules of Civil Procedure, which only allow the permissive joinder of defendants if a "right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Accordingly, Tyson will not be permitted to amend the complaint to include these claims against Campbell and Harp in this action. See Vializ v. Dzurenda, No. 3:11-CV-59 RNC, 2011 WL 5374133, at *1 (D. Conn. Nov. 8, 2011). However, Tyson may assert these claims in separate actions if he so chooses.

### IV. CONCLUSION

The court concludes that amendment to add claims against Campbell and Harp would be futile. Accordingly, Tyson's Motion for Leave to Amend (**Doc. No. 72**) is **DENIED**. The operative complaint remains the Second Amended Complaint (Doc. No. 35).

In addition, the Initial Review Order Re: Amended Complaint (**Doc. No. 21**) is **VACATED** only to the extent that Tyson's false arrest claim against Detective Roach is **DISMISSED** without prejudice. As a false arrest claim accrues on the date Tyson was detained pursuant to legal process, Wallace v. Kato, 549 U.S. 384, 397 (2007), the dismissal is without prejudice. If the criminal prosecution terminates in Tyson's favor, Tyson may file a motion to amend to add this claim.[3]

**SO ORDERED.**

Dated this 10th day of September 2018 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[3] The Supreme Court recommends that a case asserting a false arrest claim where the criminal prosecution has not concluded be stayed so a lengthy criminal prosecution will not render the claim untimely filed. Wallace, 549 U.S. at 393-94. Here, as there are other pending claims, the criminal prosecution may end before this case terminates. If not, Tyson can move to reopen this case to address this claim.