UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DESHAWN TYSON, | : | PRISONER CASE NO. |
| Plaintiff, | : | 3:17-cv-731 (JCH) |
| v. | : | |
| BIANCA ALVAREZ, et al., | : | |
| Defendants. | : | NOVEMBER 14, 2018 |

**RULING ON MOTION TO INTERVENE AND TO STAY DISCOVERY (DOC. NO. 107), MOTIONS TO COMPEL DISCOVERY (DOC. NOS. 89, 102, 111, 113), AND MOTION FOR LEAVE TO FILE OBJECTION TO MOTION TO COMPEL (DOC. NO. 110)**

The Connecticut Division of Criminal Justice ("Division") has moved, on behalf of the Chief State's Attorney and the State's Attorney for the Judicial District of New Haven, to intervene in this action for the purpose of moving to stay discovery until an overlapping criminal matter involving the plaintiff, Deshawn Tyson ("Tyson"), is concluded.  See generally Motion of the Connecticut Division of Criminal Justice for Leave to Intervene and Stay Discovery ("Mot.") (Doc. No. 107).  The Division argues that intervention and a stay of discovery is required to protect the alleged victim of sexual assault in the state criminal matter and to ensure the orderly process of the state criminal proceedings.  Id. at 1.  In addition, the Division notes that the state court has issued a protective order preventing Tyson from having any contact with the alleged victim and that, if he were permitted to serve discovery on the alleged victim, he would be in violation of that Order.  Id. at 12.  For the reasons that follow, the Division's Motion

is granted, and discovery in this case is stayed pending resolution of the state criminal matter.

The Division, which includes the Chief State's Attorney and the State's Attorneys for each judicial district, is created under the Connecticut Constitution and vested with the prosecutorial powers of the state. Conn. Const., am. art. XXIII. Connecticut General Statutes § 51-277(a) also charges the Division with the power and duty to prosecute all state crimes.

The Division files the Motion pursuant to Federal Rule of Civil Procedure 24(a) and/or (b). Rule 24 governs both intervention as of right and permissive intervention. A party may intervene as of right where the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . . ." Fed. R. Civ. P. 24(a)(2); see also MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n, 471 F.3d 377, 389 (2d Cir. 2006) ("Intervention as of right . . . is granted when . . . (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties.") (citations omitted).

Intervention as of right is appropriate in this case. First, although the action has been pending for over a year, discovery has only recently commenced and one defendant has not yet been served. Thus, the court considers the Motion to be timely

filed. Second, the incident underlying the plaintiff's state criminal charge of sexual assault gives rise to some of the claims asserted in this case. Third, the Division has "a discernible interest in intervening in order to prevent discovery in the civil case from being used to circumvent the more limited scope of discovery in the criminal matter." S.E.C. v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988). The Division contends that further proceedings in this action could impair the State's ability to prosecute the related state criminal action against Tyson because Tyson would be able to seek production of information from the police defendants and alleged assault victim in this case that he would not be entitled to have in the state criminal action. Mot. at 6, 10. Fourth, the defendants in this case, municipal police officers, are not charged with prosecuting state criminal matters and, therefore, cannot adequately represent the Division's interests. Finally, the Division informs the court that the state court has issued a Protective Order preventing Tyson from having any contact with the alleged victim. Id. at 3; Order of Protection, Appendix A, Mot. (Doc. No. 107). One of the discovery matters pending in this case is disclosure of the alleged victim's address to enable Tyson to serve discovery on her. See Motion to Compel Discovery (Doc. No. 89). If the court were to order disclosure, it would be facilitating Tyson's violation of the state court Protective Order.

Section 24(b)(1)(B) allows permissive intervention where the movant "has a claim or defense that shares with the main action a common question of law or fact." Permissive joinder also would be appropriate in this case. Permissive intervention is wholly within the court's discretion. See St. John's Univ., New York v. Bolton, 450 F.

App'x 81, 84 (2d Cir. 2011) ("A district court has broad discretion under Rule 24(b) to determine whether to permit intervention . . . ."). The Division has identified significant overlap between this case and the state criminal case. See Mot. at 3, 4. This case arises from Tyson's arrest on the sexual assault charge that is the subject of the state criminal case and some claims challenge the veracity of the alleged assault victim. See id. Thus, there are common issues of fact in the two cases.

"Courts in this circuit have frequently allowed the government to intervene in a civil case where there is a related criminal case pending, particularly when the intervention is for the limited purpose of moving to stay the case." Bridgeport Harbour Place I, LLC v. Ganim, 269 F. Supp. 2d 6, 8 (D. Conn. 2002) (citation omitted). The Division's Motion to Intervene is granted.

The court next considers whether a stay of discovery is appropriate in this case. "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012) (quoting Landis v. North Am. Co., 299 U.S. 248, 254 (1936)). Although a stay of civil proceedings pending the outcome of related criminal proceedings is not constitutionally required, "a court may decide in its discretion to stay civil proceedings . . . 'when the interests of justice seem . . . to require such action.'" Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) (quoting United States v. Kordel, 397 U.S. 1, 12 n.27 (1970)); see also Chestman, 861 F.2d at 50 (noting in dicta that

4

"[t]he only result of the intervention has been the staying of discovery, an order the district court could have entered sua sponte.").

Federal district courts generally weigh six factors when determining whether to stay civil proceedings:

> (1) the extent to which the issues in the criminal case overlay with those in the civil case; (2) the status of the [criminal] case . . . ; (3) the private interest of the plaintiff[ ] in proceeding expeditiously weighed against the prejudice to plaintiff[ ] caused by the delay; (4) the private interests of and the burden on the defendants; (5) the interests of the courts; and (6) the public interest.

Sec. & Exch. Comm'n v. Platinum Mgmt. (NY) LLC, No. 16-CV-6848(DLI)(VMS), 2017 WL 2915365, at *3 (E.D.N.Y. July 7, 2017) (citing Louis Vuitton, 676 F.3d at 99); see also Bridgeport Harbour Place, 269 F. Supp. 2d at *8 (court must balance interests of the litigants, nonparties, the public, and the court when considering whether to grant a stay).

As noted above, there is significant overlap between the civil and criminal cases. See, supra, at 3–4. "The risk that civil discovery will be used to circumvent criminal discovery limitations becomes much greater where the same facts are at issue, as in the instant case." Javier H. v. Garcia-Botello, 218 F.R.D. 72, 74 (W.D.N.Y. 2003) (citing Chestman, 861 F.2d at 50). The Division states that the criminal case is proceeding in a timely manner and resolution of the criminal case may streamline discovery in this case, resolve some of the issues, or increase the possibility of settlement in this case should Tyson prevail in the criminal case. See Mot. at 10; see also Bridgeport Harbour Place, 269 F. Supp. 2d at *9 ("Courts have also noted that the resolution of the criminal

5

case may later streamline discovery in the civil case."); Trustees of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc., 886 F. Supp. 1134, 1140 (S.D.N.Y.1995) ("[R]esolution of the criminal case may increase the possibility of settlement of the civil case due to the high standard of proof required in a criminal prosecution.").

Tyson generally objects to the Division's Motion. See generally Objection (Doc. No. 172). Although he has an interest in having his claims addressed expeditiously, Tyson still can pursue those claims after the criminal case is concluded. Should a stay not be granted, however, Tyson could impede the criminal prosecution, thwarting the common interests of the Division, the defendants, and the public in an orderly and unimpaired criminal prosecution. On balance, the factors weigh in favor of a stay of discovery in this case.

The Division's Motion to Intervene and Stay Discovery **(Doc. No. 107)** is **GRANTED**. Discovery in this case is **STAYED** pending resolution of Tyson's state criminal case. In light of this Order, the pending Motions to Compel Discovery **(Doc. Nos. 89, 102, 111, 113**) are **DENIED** and defendants' Motion for Leave to File an Objection to the Second Motion to Compel **(Doc. No. 110)** is **DENIED** as moot.

The counsel for the intervenor and the defendants are ordered to notify the court within 14 days after the state criminal matter is final.

**SO ORDERED.**

Dated this 14th day of November 2018 at New Haven, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge