### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
DESHAWN TYSON                :    Civ. No. 3:17CV00731(JCH)
                             :
v.                           :
                             :
JANE DOE, et al.             :    November 12, 2019
                             :
-----------------------------x
```

## <u>OMNIBUS DISCOVERY RULING</u>

Pending before the Court are six motions filed by self-represented plaintiff Deshawn Tyson ("plaintiff"): (1) "Motion to Compell defendants to answer Plaintiff first set of Interrogatories" [Doc. #153] (sic); (2) "Plaintiff Motion to Compel Defendant's to Produce Production/discovery" [Doc. #156] (sic); (3) "PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT TO COMPELL" [Doc. #157] (sic); (4) "MOTION FOR SANCTION(S)" [Doc. #159] (sic); (5) "SECOND MOTION TO COMPEL Defendants to produce address of Defendant Jane Doe AND OBJECTIONS" [Doc. #160] (sic); and (6) "Motion to Compel Interrogatories from John F. Healy" [Doc. #161] (sic). On August 13, 2019, Judge Janet C. Hall referred plaintiff's motions to the undersigned. [Doc. #164]. On the same date, the undersigned entered an Order requiring that on or before September 3, 2019, defendants file an omnibus response to plaintiff's motions, along with a copy of any

discovery requests at issue in plaintiff's motions. [Doc. #165].
Defendants have timely complied with that Order. [Doc. #171].

For the reasons set forth below, the Court: (1) **GRANTS, in limited part, and DENIES, in large part,** plaintiff's motion to compel interrogatory responses [**Doc. #153**]; (2) **DENIES, without prejudice to re-filing,** plaintiff's motion to compel discovery [**Doc. #156**]; (3) **DENIES, as moot,** plaintiff's motion for default judgment [**Doc. #157**]; (4) **DENIES** plaintiff's motion for sanctions [**Doc. #159**]; (5) **DENIES** plaintiff's second motion to compel the production of defendant Jane Doe's address [**Doc. #160**]; and (6) **DENIES, as moot,** plaintiff's motion to compel interrogatory responses from defendant Healy [**Doc. #161**].

## I.  <u>Background</u>

The Court presumes familiarity with the factual background of this matter, which is set forth at length in Judge Hall's Initial Review Order [Doc. #12], Initial Review Order re: Amended Complaint [Doc. #21], Ruling on Defendants' Motion to Dismiss [Doc. #73], Ruling on Plaintiff's Motion for Leave to Amend and Amended Initial Review Order [Doc. #99], and Ruling on Motion to Intervene and to Stay Discovery [Doc. #133]. Nevertheless, the Court highlights two important details, which are relevant to the Court's rulings below.

<u>First</u>, on July 18, 2019, in connection with the criminal charges underlying this civil case, plaintiff entered an <u>Alford</u>

plea to a substitute information charging plaintiff with unlawful restraint in the first degree. See Doc. #171 at 65-78; see also Doc. #146 at 2-3.

Second, Judge Hall has dismissed, without prejudice, plaintiff's false arrest claim against defendant Lucille Roach (hereinafter "Roach"). See Doc. #99 at 7. Judge Hall has instructed: "If the criminal prosecution terminates in Tyson's favor, Tyson may file a motion to add this claim." Id. (footnote omitted). To date, plaintiff has not requested to add the false arrest claim against defendant Roach to this case.

Accordingly, at present, the following claims remain in this case: (1) a Fourth Amendment unlawful seizure claim against defendants Garofalo, Przybylski, Przya, and Healy in their individual capacities, see Docs. #21, #29, #35, #73; (2) a state law defamation claim against Jane Doe, see Docs. #12, #21, #35; and (3) claims for intentional infliction of emotional distress against Jane Doe and defendant Roach, see Docs. #21, #35, #73, #99.

## II. **Legal Standard**

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to

> relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery
> outweighs its likely benefit. Information within this
> scope of discovery need not be admissible in evidence to
> be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he burden of demonstrating relevance remains on the party seeking discovery." Bagley v. Yale Univ., 315 F.R.D. 131, 144 (D. Conn. 2016) (quotation marks and citation omitted), as amended (June 15, 2016); Republic of Turkey v. Christie's, Inc., 326 F.R.D. 394, 400 (S.D.N.Y. 2018) (same). Once the party seeking discovery has demonstrated relevance, the burden then shifts to "[t]he party resisting discovery ... [to] show[] why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009) (alterations added).

## III. **Discussion**

Plaintiff has filed six motions relating to discovery and/or requesting the imposition of sanctions. The Court addresses each in turn.

### A. "Motion to Compel defendants to answer Plaintiff first set of Interrogatories" [Doc. #153] (sic)

Plaintiff seeks to compel additional responses to his first set of interrogatories directed to defendant Roach. See Doc. #153. Plaintiff specifically takes issue with defendant Roach's responses to interrogatories 2, 5, 7, 8, 9, 12, 16, 17, 18, 19, 21, and 24. See generally id. Defendant Roach has filed an

opposition to plaintiff's motion. See Doc. #171 at 1-9. The Court addresses each interrogatory in turn.

Interrogatory 2 asks: "Could evidence from a crime scene identify ten difference people that may participated in a alleged crime you are investigating?" Doc. #153 at 1 (sic); see also Doc. #171 at 19. Defendant Roach objected to interrogatory 2 on several grounds, and notwithstanding those objections, provided a response. See Doc. #171 at 19-20. Plaintiff challenges defendant Roach's objections that interrogatory 2 is vague and overbroad. See Doc. #153 at 2. Plaintiff does not, however, acknowledge defendant Roach's response, nor does he present any grounds for the Court to find that defendant Roach's response is insufficient or non-responsive. The Court has reviewed defendant Roach's response to this interrogatory and finds it sufficient. Accordingly, the Court DENIES plaintiff's motion to compel with respect to interrogatory 2.

Interrogatory 5 asks: "Do you have any evidence that Jane Doe was even at the Marriott Hotel between the days and/or night of 5/6/2014, 5/5/2014 and 5/4/2014." Doc. #153 at 2 (sic); see also Doc. #171 at 20. Defendant Roach objected to interrogatory 5 on several grounds, and notwithstanding those objections, provided a response. See Doc. #171 at 20. Plaintiff challenges defendant Roach's objection that interrogatory 5 seeks information subject to the law enforcement privilege. See Doc.

#153 at 2-3. Plaintiff does not acknowledge defendant Roach's response, nor does he present any grounds for the Court to find that said response is insufficient or non-responsive. The Court has reviewed defendant Roach's response to this interrogatory and finds it sufficient. Accordingly, the Court DENIES plaintiff's motion to compel with respect to interrogatory 5.

Interrogatory 7 asks: "Is everything in your warran/sworn Affidavit for my Arrest True?" Doc. #153 at 3 (sic); see also Doc. #171 at 20. Defendant Roach objected: "The affidavit is a sworn affidavit signed by the Affiant, Lucille Roach, a police detective at the time. With this in mind, no response is necessary or appropriate." Doc. #171 at 20. Plaintiff asserts that defendant Roach's response is vague and that interrogatory 7 warrants a "yes" or "no" answer. Doc. #153 at 4. Defendant Roach responds that interrogatory 7 "is harassing, though it is answered in the objection." Doc. #171 at 3. Interrogatory 7 calls for a yes or no answer, which was not provided. Defendant Roach shall provide plaintiff with such a response. See Connors v. Pinkerton's, Inc., No. 3:98CV699(GLG), 1999 WL 66107, at *1 (D. Conn. Feb. 4, 1999) ("While defendant asserts that it responded to these requests, plaintiff takes issue with the substance of defendant's answers. ... [the interrogatory] calls for a yes or no answer. Defendant is directed to answer, yes or no[.]"). Accordingly, the Court

GRANTS plaintiff's motion to compel with respect to interrogatory 7.

Interrogatory 8 asks: "Within your warrant/sworn Affidavit for my arrest it stated that I Deshawn Tyson the plaintiff have two convictions of sexual assault is that true?" Doc. #153 at 4 (sic); see also Doc. #171 at 20. Defendant Roach objected: "The affidavit is a sworn affidavit signed by the Affiant, Lucille Roach, a police detective at the time. With this in mind, no response is necessary or appropriate." Doc. #171 at 20. Plaintiff asserts that interrogatory 8 warrants a "yes" or "no" answer. Doc. #153 at 4. Defendant Roach responds that interrogatory 8 "is harassing, though it is answered in the objection." Doc. #171 at 3. Interrogatory 8 calls for a yes or no answer, which was not provided. Defendant Roach shall provide plaintiff with such a response. See Connors, 1999 WL 66107, at *1. Accordingly, the Court GRANTS plaintiff's motion to compel with respect to interrogatory 8.

Interrogatory 9 asks: "In your warrant/sworn Affidavit for my Arrest. All the DNA evidence within your warrant for my arrest is listed as Mixtures and that my DNA profile contributes to that DNA mixture. Does that mean more than two people DNA profile could exist within all the DNA listed in your warrant/sworn Affidavit?" Doc. #153 at 5 (sic); see also Doc.

#171 at 20. Defendant Roach responded and objected to interrogatory 9 as follows:

> This Interrogatory requests information that would require the testimony of an expert. Further, the language referred to in this Interrogatory appeared in the Supplemental DNA report provided by the State of Connecticut Emergency Services and Public Protection Division of Scientific Services, which has been provided to the plaintiff; the paragraph (and the document from which it was gathered) speaks for itself.

Doc. #171 at 21. Plaintiff asserts that he seeks a response of "yes," "no," or "not sure" to interrogatory 9. Doc. #153 at 5. Defendant Roach, relying on the above-quoted response, states: "Plaintiff seeks an interpretation that requires an expert. ... It should not be incumbent upon the defendant(s) to provide a further interpretation." Doc. #171 at 4. The Court agrees that interrogatory 9 essentially seeks an expert interpretation of the Supplemental DNA report –– an opinion which defendant Roach is not qualified to give. See, e.g., United States v. Haynes, 729 F.3d 178, 195 (2d Cir. 2013) ("If the opinion of a witness rests in any way upon scientific, technical, or other specialized knowledge," then it would be considered an expert opinion, "because lay opinion must be the product of reasoning processes familiar to the average person in everyday life." (citation and quotation marks omitted)). The Court will require no further response to interrogatory 9. Accordingly, the Court

DENIES plaintiff's motion to compel with respect to interrogatory 9.

Interrogatory 12 asks: "Did you comply with the Court informer to have Jane Doe Identify a Second Suspect on photo Board Before my arrest?" Doc. #153 at 5 (sic); see also Doc. #171 at 21. Defendant Roach responded and objected to interrogatory 9 as follows:

> There is an ongoing criminal prosecution of the plaintiff related to the events described in plaintiff's complaint; defendant objects on the basis of the law enforcement privilege and to the extent that the information sought would prejudice the criminal prosecution. Plaintiff is entitled to receive documents and information in the criminal action and should not be permitted to collect additional information to which he is not entitled therein by way of his civil action if it may prejudice the criminal prosecution. Plaintiff has been provided the information to which he is legally entitled at the juncture from the State's Attorney, including information that would be responsive to this Interrogatory. In addition, the request is harassing and argumentative and not proportional to the needs of the case.

Doc. #171 at 21. Plaintiff contends that because the criminal action is "resolved and closed[,]" that the Court should compel defendant Roach to provide a yes or no answer to interrogatory 12. Doc. #153 at 6-7. Defendant Roach responds that "[t]he resolution of the plaintiff's criminal prosecution does not alter the stated basis for objection. ... [C]onsidering plaintiff's guilty plea and criminal conviction on the charges arising from the incident that is the subject of the complaint,

the information sought is not proportional to the needs of the case." Doc. #171 at 4-5.

More importantly, plaintiff has failed to establish how the information sought by interrogatory 12 is relevant to the claims remaining in this case. See Section I, supra. As previously stated, Judge Hall has dismissed, without prejudice, plaintiff's claim for false arrest against defendant Roach. See id. Plaintiff has not filed a motion seeking to re-plead that claim. Accordingly, the Court DENIES plaintiff's motion to compel with respect to interrogatory 12.

Interrogatory 16 asks: "Did you check Any toxicology, report done on Jane Doe: to see if maybe Jane Doe was on any hallucination drugs that would make her delusional? On the night of 5-6-2014?" Doc. #153 at 7 (sic); see also Doc. #171 at 21. Defendant Roach responded and objected to interrogatory 16 as follows:

> There is an ongoing criminal prosecution of the plaintiff related to the events described in plaintiff's complaint; defendant objects on the basis of the law enforcement privilege and to the extent that the information sought would prejudice the criminal prosecution. Plaintiff is entitled to receive documents and information in the criminal action and should not be permitted to collect additional information to which he is not entitled therein by way of his civil action if it may prejudice the criminal prosecution. Plaintiff has been provided the information to which he is legally entitled at the juncture from the State's Attorney, including information that would be responsive to this Interrogatory. In addition, defendants object to the

degree that this Interrogatory calls for protected medical information or records.

Doc. #171 at 21. Plaintiff challenges the assertion of the law enforcement privilege because there is no longer an ongoing criminal investigation. See Doc. #153 at 7. However, plaintiff fails to explain how the information sought by interrogatory 16 is relevant to the claims remaining in this matter. He has failed to sustain his burden in that regard. Accordingly, the Court DENIES plaintiff's motion to compel with respect to interrogatory 16.

Interrogatory 17 asks: "Did you have any evidence/proof that any of the items collected from the Alleged crime scene belong to Jane Doe in case 14022071? If yes what?" Doc. #153 at 9 (sic); see also Doc. #171 at 21. Defendant Roach has responded and objected to interrogatory 17 as follows:

There is an ongoing criminal prosecution of the plaintiff related to the events described in plaintiff's complaint; defendant objects on the basis of the law enforcement privilege and to the extent that the information sought would prejudice the criminal prosecution. Plaintiff is entitled to receive documents and information in the criminal action and should not be permitted to collect additional information to which he is not entitled therein by way of his civil action if it may prejudice the criminal prosecution. Plaintiff has been provided the information to which he is legally entitled at the juncture from the State's Attorney, including information that would be responsive to this Interrogatory.

Doc. #171 at 22. Plaintiff again challenges the assertion of the law enforcement privilege given that there is no longer an

ongoing criminal investigation. <u>See</u> Doc. #153 at 9. However,

plaintiff fails to explain how the information sought by

interrogatory 17 is relevant to the claims remaining in this

matter. He has failed to sustain his burden in that regard.

Accordingly, the Court DENIES plaintiff's motion to compel with

respect to interrogatory 17.

<u>Interrogatory 18</u> asks: "Have Jane Doe ever been accused of

prostitution, escort and/or selling herself for money?" Doc.

#153 at 10 (sic); <u>see also</u> Doc. #171 at 22. Defendant Roach

objected and responded to interrogatory 18, in pertinent part,

as follows:

> The information being sought by this interrogatory is
> not relevant to the plaintiff's remaining claims against
> the defendants and it is of little to no importance in
> resolving the issues related to those claims. In
> addition, information regarding accusations,
> uncorroborated allegations, prior arrests not resulting
> in convictions, and the information plaintiff requests,
> if responsive information exists, would be subject to
> erasure and/or destruction statutes (if reflected in
> documents) and is private and not otherwise disclosable.
> Conviction records are publicly available and equally
> available to the plaintiff.

Doc. #171 at 22. Plaintiff asserts that the information sought

by interrogatory 18 "is very relevant it goes to the questions

ask from Lucille Roach to Jane Doe during Jane Doe interview. It

goes to the understanding of Lucille Roach and credibility of

Jane Doe and Lucille Roach." Doc. #153 at 10 (sic). Defendant

Roach stands on her objection and further asserts that "the

information sought ... is not proportional to the needs of the case[.]" Doc. #171 at 7.

The Court sustains defendant Roach's objection that the information sought is not relevant to the claims remaining in this case. Accordingly, the Court DENIES plaintiff's motion to compel with respect to interrogatory 18.

Interrogatory 19 asks: "Is Jane Doe a confidantal informant for the New Haven Police Department or any other State Agency?" Doc. #153 at 10 (sic); see also Doc. #171 at 7. Defendant Roach responded and objected to interrogatory 19, in pertinent part, as follows:

> The information being sought by this interrogatory is not relevant to the plaintiff's remaining claims against the defendants and it is of little to no importance in resolving the issues related to those claims, and it likely amounts to an impermissible "fishing expedition" by the plaintiff. In addition, the request is vague and overly broad and not limited by time or in scope, and the compliance with the request would pose a significant burden upon the New Haven Department of Police Service, Jane Doe, and the general public. Further, confidential informant information is among the most sensitive in an entire police department, and it is typically never released, divulged, confirmed, or denied. The chilling effect of the exposure of confidential informant information of any sort (this includes a confirmation or denial that any individual is a confidential informant) upon the general public's willingness to assist law enforcement officials with their daily work would greatly outweigh any benefit the plaintiff could hope to gain with the requested information.

Doc. #171 at 22-23. Plaintiff asserts that the information sought "is relevant and necessary ... to the plaintiff claims[.]

... The information sought is necessary and goes to credibility of Jane Doe and Lucille Roach[.]" Doc. #153 at 11 (sic). Defendant Roach responds that "information regarding confidential informants is one of the most sensitive and highly protected areas of police work. Such information can potentially affect numerous other law enforcement matters." Doc. #171 at 7. Defendant Roach further stands by her objections, including that the information sought is not relevant to plaintiff's remaining claims. See id.

The Court sustains defendant Roach's objection that the information sought is not relevant to the claims remaining in this civil case. Accordingly, the Court DENIES plaintiff's motion to compel with respect to interrogatory 19.

Interrogatory 21 asks: "From 5/6/2014 through the date and year 3/10/2016 could you obtain the sureillance footage from all Marriott Hotel Sureillance location(s) to identify any and all true suspect(s) of the Alleged crime at Marriott Hotel on 5/6/2014." Doc. #153 at 11 (sic); see also Doc. #171 at 23. Defendant Roach responded and objected to interrogatory 21, in pertinent part, as follows:

> In addition, defendant objects that the information sought in this interrogatory is irrelevant to the remaining claim in this matter against Lucille Roach (intentional infliction of emotional distress) to the extent that it suggests that surveillance footage, if, in fact it was not reviewed by the defendant, would "identify" true suspects or otherwise override other

evidence in the investigation such as the results of the
DNA results positively identifying the plaintiff.

Without waiving said objection, surveillance footage is
available for a limited time before it is overwritten.

Doc. #171 at 23. Plaintiff asserts, _inter alia_, that the

"[i]nformation sought is relevant and necessary and goes to the

Credibility of Lucille Roach." Doc. #153 at 12 (sic). Defendant

Roach responds that she stands by her objections. _See_ Doc. #171

at 8.

The Court sustains defendant Roach's objection that the

information sought is not relevant to the claims remaining in

this case. Accordingly, the Court DENIES plaintiff's motion to

compel with respect to interrogatory 21.

Interrogatory 24 asks: "How may sexual assault cases have

you investigated in your last 20 years of being a officer of the

law?" Doc. #153 at 12 (sic); _see also_ Doc. #171 at 24. In

addition to objecting on several grounds, including that the

information sought is not relevant, defendant Roach responded:

"Without waiving said objection, more than ten." Doc. #171 at

24. Plaintiff does not acknowledge defendant Roach's response,

nor does he present any grounds for the Court to find that

defendant Roach's response is insufficient or non-responsive.

The Court has reviewed defendant Roach's response to this

interrogatory and finds it sufficient. Accordingly, the Court

DENIES plaintiff's motion to compel with respect to interrogatory 24.

Therefore, the Court **GRANTS, in limited part, and DENIES, in large part**, plaintiff's motion to compel [**Doc. #153**].

B. "Plaintiff Motion to Compel Defendant's to Produce Production/discovery" [Doc. #156] (sic)

The Court construes plaintiff's next motion as seeking to renew the motion to compel reflected at document 102, which was originally filed on September 19, 2018 (hereinafter the "original motion to compel"). See generally Doc. #156. Judge Hall denied the original motion to compel on November 14, 2018, when she stayed this case pending the resolution of plaintiff's related state criminal matter. See Doc. #133 at 6.

Plaintiff appears to assert that because defendants did not timely respond to the original motion to compel [Doc. #102], defendants have waived their objections to the requests which are the subject of the original motion, and the Court should now order defendants to produce the requested documents. See Doc. #156 at 2.[1] Defendants respond: "It is not contested that

_____

[1] Attached to defendants' omnibus response is a copy of defendant Roach's objections to plaintiff's written discovery requests, along with a Notice to the Court stating that such responses were mailed to plaintiff on August 14, 2018. See Doc. #171 at 42-62. The Notice states that "[e]ach and every request for production was objected to, and many because of, inter alia, the pending criminal prosecution against the plaintiff for the sexual assault that is referenced in plaintiff's complaint." Id. at 61. It appears that the original motion to compel takes issue

responses [to the original motion to compel] were due by October 10, 2018 and that Defendants filed a response on October 11, 2018; however, defendants filed a Motion for Leave to file their Objection along with the Objection (both within Document 110), which Motion for Leave explained the extenuating circumstances that resulted in the Objection being filed one day past the October 10 deadline." Doc. #171 at 10.

Defendants' objection to plaintiff's original motion to compel states, _inter_ _alia_:

> Some of the categories that plaintiff identifies in his Motion to Compel seem to align with the original Requests for Production (e.g., 1-4) and others appear to either change or add to what was originally requested (e.g., 6, 7, 8). To the extent that the plaintiff is requesting different categories of documents than those he originally requested, these requests are untimely as the time to file requests has closed. To the extent that plaintiff seeks to compel on his prior request for production, the defendants filed objections to these requests and these defendants maintain these objections.

> The previously filed objections should carry even more force presently than when they were originally filed because of the dismissal of the false arrest claim against Lucille Roach (leaving just a claim of Intentional Infliction of Emotional Distress).

> To the extent that plaintiff attempts to compel disclosure of documents that were not requested before the Motion (21-25), the Motion is improper.

Doc. #110 at 4-5.

---

with defendant Roach's objections which are attached to defendants' omnibus response.

It is not apparent that the parties have attempted to confer in a good faith effort to resolve the discovery dispute raised in the original motion to compel, which implicates over twenty requests for production, many of which seek information that is no longer relevant to the claims remaining in this case. See generally, Doc. #171 at 38-41 (Plaintiff's Request for Production of Documents directed to defendant Roach). The Court will not consider the issues raised by the original motion to compel [Doc. #102], or defendants' objections thereto [Doc. #110], until plaintiff and counsel for defendants have conferred in an attempt to resolve the disputes raised in the original motion to compel. See D. Conn. L. Civ. R. 37(a).

Accordingly, on or before **December 12, 2019,** plaintiff and counsel for defendants shall engage in a meet-and-confer conference, by telephone or in person, in an attempt to resolve the issues raised by plaintiff's original motion to compel [Doc. #102]. During this meeting, plaintiff should carefully consider the propriety of his requests in light of the claims remaining in this case.

If after that meeting, the disputed requests have not been entirely resolved, and plaintiff has a legal basis to seek an order compelling the production of the documents requested, then on or before **December 27, 2019,** plaintiff may re-file a motion to compel directed to those requests which remain at issue.

Plaintiff's re-filed motion must contain a "verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed[.]" D. Conn. L. Civ. R. 37(b). Plaintiff <u>must</u> also attach as an exhibit to any re-filed motion to compel a copy of the discovery requests in dispute. <u>See</u> <u>id.</u>

Accordingly, "Plaintiff Motion to Compel Defendant's to Produce Production/discovery" [**Doc. #156**] (sic) is **DENIED, without prejudice to re-filing**.

## C. "PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT TO COMPELL" [Doc. #157] (sic)

Plaintiff "moves the court for an order compelling all defendants to produce discovery as requested by Plaintiff." Doc. #157 at 1. Plaintiff asserts that on May 15, 2018, he requested discovery from all defendants, and that on September 19, 2018, he filed a motion to compel with respect to those discovery requests. <u>See</u> <u>id.</u> (citing Doc. #102). Plaintiff contends that the Court ordered defendants to file a response to his motion to compel on or before October 10, 2018, but that defendants failed to do so. <u>See</u> <u>id.</u> at 2. Plaintiff therefore "prays that the Court will now hold the Defendants in default, regarding the above mentuned, and compel the defendants to provide plaintiff with all the materials that plaintiff requested." <u>Id.</u> (sic).

The Court does not construe this particular motion as seeking the entry of a default judgment against defendants.[2] Rather, the Court liberally construes this motion as seeking an order compelling defendants to provide the discovery sought in the motion reflected at document 102, i.e., the "original motion to compel" previously discussed. See Section III.B., supra. Plaintiff's current motion, reflected at document 157, is duplicative of the motion docketed as document 156, which the Court has now addressed. See id. Accordingly, the Court **DENIES, as moot,** plaintiff's motion for default judgment to compel discovery [**Doc. #157**].

D. "MOTION FOR SANCTION(S)" [Doc. #159] (sic)

Plaintiff has moved for an order sanctioning defendants pursuant to Rules 37 and 11 of the Federal Rules of Civil Procedure. [Doc. #159]. Plaintiff "moves to have defendants and their Attorney Sanctioned" because they have "not once complied with plaintiff request for [Productions/Discovery][.]" Id. at 1

---

[2] Even if the Court construed plaintiff's motion as seeking the entry of a default judgment, the Court would not grant such an extreme sanction given the "preference that litigation disputes be resolved on the merits, and not by default[.]" S.E.C. v. Setteducate, 419 F. App'x 23, 24 (2d Cir. 2011); see also Aliki Foods, LLC v. Otter Valley Foods, Inc., 726 F. Supp. 2d 159, 178 (D. Conn. 2010) (listing the factors courts should consider when determining whether the entry of a default judgment under Rule 37 is appropriate).

(sic). Defendants generally assert that "there is no basis" for the motion. Doc. #171 at 13.

"The party requesting sanctions under Rule 37 bears the burden of showing that the opposing party failed to timely disclose information" sought. <u>Lodge v. United Homes, LLC</u>, 787 F. Supp. 2d 247, 258 (E.D.N.Y. 2011). "To meet this burden the party must establish (1) that the party having control over the evidence had an obligation to timely produce it; (2) that the party that failed to timely produce the evidence had a culpable state of mind; and (3) that the missing evidence is relevant to the party's claim or defense such that a reasonable trier of fact could find it would support that claim or defense." <u>In re Sept. 11th Liab. Ins. Coverage Cases</u>, 243 F.R.D. 114, 125 (S.D.N.Y. 2007) (citing <u>Residential Funding Corp. v. DeGeorge Fin. Corp.</u>, 306 F.3d 99, 107 (2d Cir. 2007)).

Plaintiff has not met his burden of establishing the propriety of imposing Rule 37 sanctions on defendants and/or their counsel. As to Rule 11, that rule explicitly does not apply to discovery disputes. <u>See</u> Fed. R. Civ. P. 11(d) ("This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.").

Accordingly, plaintiff's motion for sanctions [**Doc. #159**] is **DENIED.**

## E. "SECOND MOTION TO COMPEL Defendants to produce address of Defendant Jane Doe AND OBJECTIONS" [Doc. #160] (sic)

Plaintiff seeks an order compelling defendants to produce the address of defendant Jane Doe. See Doc. #160. Plaintiff asks that "the Court receive the current address of Jane Doe for Jane Doe to be serve Complaint and Summons finally." Id. at 1 (sic). Defendants contend that they are "not aware of Jane Doe's address. Upon information and belief, she moved, at least in part, out of fear for her own safety stemming from the events that gave rise to plaintiff's lawsuit." Doc. #171 at 13. Defendants further assert that even if they did have knowledge of Jane Doe's address, the Court should not compel the production of the address because "plaintiff pled guilty to a charge for which he was arrested – unlawful restraint of Jane Doe for a sexual purpose." Doc. #171 at 13. Defendants further assert that "plaintiff's guilty plea should be read as a waiver of any right to pursue a civil action against the victim of the act to which he pled guilty." Id. at 14.

Attached to defendants' omnibus response is the transcript of plaintiff's plea colloquy and sentencing before Judge Patrick J. Clifford in the state court criminal matter giving rise to this lawsuit. See id. at 64-79. As part of plaintiff's sentence, Judge Clifford imposed a standing criminal protective order, ordering that plaintiff

> not assault, threaten, abuse, harass, follow, interfere
> with or stalk [Jane Doe]. Stay away from their home,
> wherever they may reside. **Don't contact them in any
> manner including written**, electronic or phone. ... This
> doesn't expire until June 18th of 2034. ... If you violate
> this you could be arrested for violating a standing
> criminal protective order[.]

Id. at 77-78 (sic) (emphasis added). There is nothing in the record before the Court to suggest that the criminal protective order has been vacated or otherwise modified such to allow plaintiff to have any contact with Jane Doe.

Essentially, by seeking an order compelling the disclosure of Jane Doe's address, plaintiff requests that this Court modify the criminal protective order to allow written contact between himself and Jane Doe. Notwithstanding the fact that the Court likely does not have jurisdiction to entertain such a request, see Slater v. Thomas, 100 F.3d 944 (2d Cir. 1996), the Court denies plaintiff's request on grounds of comity and federalism, see Wiacek Farms LLC v. City of Shelton, No. 3:04CV1635(JBA)(JGM), 2005 WL 8167623, at *2 (D. Conn. Apr. 26, 2005). See also Tucker v. Ohtsu Tire & Rubber Co., 191 F.R.D. 495, 499 (D. Md. 2000) ("There seems to be little doubt that a protective order issued by a court, either state or federal, which on its face survives the underlying litigation, continues to have full force and effect on the parties subject to it even after final resolution of the underlying case, and the issuing court retains jurisdiction and authority to modify or revoke

it."); <u>Dushkin Pub. Grp., Inc. v. Kinko's Serv. Corp.</u>, 136 F.R.D. 334, 335 (D.D.C. 1991) ("As for those documents shielded by the ... protective order, this court as a matter of comity respects the order issued by the District Court for the Southern District of New York."). Further, as Judge Hall observed in her ruling on the State's motion to intervene, "[i]f the court were to order disclosure, it would be facilitating Tyson's violation of the state court Protective Order." Doc. #133 at 3; <u>see also</u> Doc. #134 at 1 ("Pursuing discovery in this case, as plaintiff proposes, would be violative of that protective order.").

Accordingly, the Court **DENIES** plaintiff's second motion to compel defendants [**Doc. #160**] to produce the address of Jane Doe.

### F. "Motion to Compel Interrogatories from John F. Healy" [Doc. #161]

Last, plaintiff seeks an order compelling defendant John F. Healy to provide responses to plaintiff's interrogatories. <u>See</u> Doc. #161 at 1-3. Plaintiff asserts that he has not received defendant Healy's "interrogatories oR productions/discovery," and requests "that the Court order defendant John F. Healy to produce interrogatories to the plaintiff immediately." Doc. #161 at 2-3 (sic).

Defendant Healy responds that after having received an extension of time from the Court, he served responses to

plaintiff's interrogatories on October 29, 2018. See Doc. #171 at 14; see also Doc. #105 (motion seeking extension of time until October 29, 2018, for defendant Healy to respond to plaintiff's interrogatories dated August 10, 2018); Doc. #108 (Order granting motion for extension of time). Defendants additionally attach to their omnibus response a copy of defendant Healy's responses to plaintiff's interrogatories. See Doc. #171 at 87-97.

Defendant Healy has responded to plaintiff's interrogatories, and a second copy of those responses has now been provided to plaintiff as an attachment to defendants' omnibus response. Accordingly, the Court **DENIES, as moot,** plaintiff's motion to compel interrogatory responses from defendant Healy [**Doc. #161**].

## IV.  Conclusion

For the reasons stated, the Court: (1) **GRANTS, in limited part, and DENIES, in large part,** plaintiff's motion to compel interrogatory responses [**Doc. #153**]; (2) **DENIES, without prejudice to re-filing,** plaintiff's motion to compel discovery [**Doc. #156**]; (3) **DENIES, as moot,** plaintiff's motion for default judgment [**Doc. #157**]; (4) **DENIES** plaintiff's motion for sanctions [**Doc. #159**]; (5) **DENIES** plaintiff's second motion to compel the production of defendant Jane Doe's address [**Doc.**

**#160**]; and (6) **DENIES, as moot,** plaintiff's motion to compel interrogatory responses from defendant Healy [**Doc. #161**].

Dated at New Haven, Connecticut, this 12th day of November, 2019.

_____/s/_____

HON. SARAH A. L. MERRIAM

UNITED STATES MAGISTRATE JUDGE
