UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| DESHAWN TYSON, | : | PRISONER CASE NO. |
| Plaintiff, | : | 3:17-cv-731 (JCH) |
| | : | |
| v. | : | |
| | : | |
| JANE DOE, | : | |
| Defendant. | : | APRIL 7, 2020 |
| | : | |
| | : | |

**RULING ON MOTIONS FOR RECONSIDERATION (DOCS. NO. 213, 217, 219)**

The plaintiff, Deshawn Tyson ("Tyson"), has filed three objections and motions relating to the court's ruling declining to exercise supplemental jurisdiction over the only remaining claim against defendant Roach, a state tort claim for intentional infliction of emotional distress.

The "nature of a motion is determined by its substance and not the label attached to it." Rosado v. Johnson, 589 F. Supp. 2d 398, 400 (S.D.N.Y. 2008) (citations omitted); see also Lujan v. National Wildlife Fed'n, 497 U.S. 871, 909 n.10 (1990) (noting that courts construe motions according to their substance, not erroneous nomenclature); Thus, the courts routinely construe motions to reflect their substance. See, e.g., Chambers v. U.S., 106 F.3d 472, 475 (2d Cir.1997) ("It is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to."); Card v. Coleman, No. 3:14-cv-830(VAB), 2015 WL 3948960, at *4 (D. Conn. June 29, 2015) (construing document entitled motion for leave to file amended complaint as motion for extension of time to do so based on relief

sought); Joseph v. LaValley, No. 12-cv-315(MAT), 2013 WL 3148320, at *6 n.4 (W.D.N.Y. June 19, 2013) (construing document captioned answer and docketed as reply/response as renewed motion for stay and abeyance).

Tyson captions his motions as "Objections to the Court Ruling in dismissing Lucille Roach from this action, and Motion to Modify Judgment" (Doc. No. 213); "Objection and Clarification to the Court of the Plaintiff Objections to Ruling of the Court dismissing Lucille Roach from this action" (Doc. No. 217); and "Motion for Amended Judgment or Additional Findings and/or Alter" (Doc. No. 219). As no judgment has entered in this case, any requests to alter or amend judgment or make additional factual findings after judgment are premature.[1]

In each Motion, Tyson seeks review of the decision declining to exercise supplemental jurisdiction over the remaining claim against defendant Roach. The Second Circuit has held that district courts should not issue order declining supplemental jurisdiction and dismissing a case sua sponte. Rather, the court should afford the parties notice and an opportunity to be heard. Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 82 (2d Cir. 2018). In light of this direction, the court considers all three of Tyson's Motions as Motions for Reconsideration of the decision to dismiss the claim against defendant Roach and grants the motions.

Supplemental jurisdiction is discretionary, not mandatory. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). The Supreme Court has explained that a federal

---

[1] Tyson references Federal Rules of Civil Procedure 52(b) and 59(e) in his third motion. Both Rules deal with amendments after Judgment has entered and, thus, do not apply here.

court has jurisdiction over an entire action, including state-law claims, if the federal-law claims and state-law claims "derive from a common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." Id. at 725. The "federal claim must have substance sufficient to confer subject matter jurisdiction on the court." Id. In evaluating Tyson's Motions, the court also considers whether the claim against Officer Roach is properly joined with the claims against the other police officers. Parties are considered properly joined if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P 20(a)(2)(A)-(B).

Tyson's claim against Officer Roach is for intentional infliction of emotional distress, based on her obtaining a warrant for his arrest warrant in 2014. His claims against the remaining defendants are search and seizure claims based on his arrest in 2016. Tyson contends that Officer Roach failed to conduct a sufficient investigation and, therefore, that the arrest warrant lacked probable cause. Although the incident underlying Tyson's arrest and investigation occurred in 2014, that incident formed the basis of the arrest warrant application Roach prepared and signed in 2016, shortly before Tyson's arrest. See Second Am. Compl. (Doc. No. 35) at 11 (copy of 2016 arrest warrant application).

As the court must liberally construe Tyson's claim, it is possible that the claim would encompass Officer Roach's failure to conduct any further investigation in the

3

intervening two years.  Thus, although the connection is attenuated, the court construes the claims liberally to "derive from a common nucleus of operative fact."  Gibbs, 383 U.S. at 725.   In addition, lack of probable case for the warrant is an issue the court may need to address in considering Tyson's search and seizure claims.  See Groh v. Ramirez, 540 U.S. 551, 557 (2004) ("To be valid under the Fourth Amendment, a search warrant must (1) be based on probable cause, (2) be supported by oath or affirmation, (3) describe with particularity the place to be searched, and (4) describe with particularity the things to be seized.")  Therefore, probable cause presents a "question of law . . . common to all defendants," Fed. R. Civ. P. 20(a)(2)(B), such that the claims are properly joined.  Although the connection between the events in 2014 and those in 2016 is attenuated, because Tyson is proceeding pro se, the court will permit the claim against Officer Roach to proceed in this action.

Tyson's Motions for Reconsideration (**Doc. Nos. 213, 217, 219**) are **GRANTED**.  The order dismissing the claim against Officer Roach is hereby **VACATED** and the Clerk is directed to reinstate her as a defendant.

The court affords Officer Roach thirty days to file her opposition to Tyson's Motion for Summary Judgment (Doc. No. 207) and, if she chooses, to file her own Motion for Summary Judgment.

**SO ORDERED.**

Dated this 7th day of April 2020 at New Haven, Connecticut.

/s/Janet C. Hall
Janet C. Hall
United States District Judge

4